IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRISTIAN CETINA, | § | |
|    Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 3:04-CV-2373-M |
| v. | § | |
| | § | |
| LIFETIME FITNESS, | § | |
|    Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Standing Order of Reference* filed February 2, 2005, this case has been referred to the undersigned Magistrate Judge for pretrial management.

Plaintiff filed this case on November 4, 2004. In an *Order* dated January 27, 2005, this Court noted that Defendant had not yet been served. Plaintiff was ordered to effect service within 120 days of that date. On June 9, 2005, this Court issued an *Order to Show Cause* to Plaintiff for failure to file a valid return of service on Defendant Lifetime Fitness, as required by FED. R. CIV. P. 4(m). Plaintiff was ordered to show cause in writing on or before June 24, 2005, why service could not be made.

On June 24, 2005, Plaintiff filed his response. Plaintiff acknowledged receiving the Court's order to show cause, and stated that good cause exists for its failure to serve Defendant because he "was unable to understand the common concepts of servicing a certain business entity with a summons ordered by the court because of reason of mental status and incompitance [sic] of the certain procedure." However, Plaintiff stated that he did understand the process sufficiently to attempt to hire a process server, who apparently failed to effect service. Plaintiff asked for an additional extension of time in which to serve Defendant or for court assistance in effecting service.

Proper service must be made within 120 days of filing a complaint or the action is subject to *sua sponte* dismissal, without prejudice. FED.R.CIV.P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman v. U.G. Lively,* 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

The explanation offered by Plaintiff does not justify his failure to serve Defendant. Other than one alleged attempt to hire process server, Plaintiff has made no attempt to obtain service on Defendant despite being afforded additional time to do so. The Court notes that he has filed several lawsuits in this court and is clearly aware of the procedural requirements of service of process. Although Plaintiff claims that he suffers from depression, he provides no more than conclusory allegations to support his claim that such depression has affected his ability to obtain service on Defendant. Because Plaintiff has not demonstrated "good cause" for failing to obtain proper service on Defendant, the Court determines that his claims against Defendant should be dismissed without prejudice, pursuant to FED. R. CIV. P. 4(m).

It is therefore **RECOMMENDED** that all claims and causes of action asserted against Defendant be hereby **DISMISSED** without prejudice to the refiling of same.

**SO RECOMMENDED**, on this the 11th day of July, 2005.

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE